IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN D. PATTON,                         Case No. 3:09-cv-1051-HU

        Petitioner,              FINDINGS AND RECOMMENDATION

  v.

D. MILLS, Superintendent, Two
Rivers Correctional
Institution,

        Respondent.

ROBERT W. RAINWATER
Rainwater Law Group
1430 Willamette Street, Suite 492
Eugene, OR 97401-4049

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Jonathan W. Diehl
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

1 -- FINDINGS AND RECOMMENDATION

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition (#2) should be denied, and this proceeding dismissed with prejudice.

## BACKGROUND

In December, 2004, petitioner was indicted in Washington County on charges that he sodomized, digitally penetrated, and sexually abused "JP", the 11-year-old daughter of a woman with whom he was living in Hillsboro, Oregon. Resp. Exh. 102 at 1-2. In July, 2005, petitioner was indicted in a separate Washington County proceeding on charges that he had sexual contact with, and attempted to rape, "AT", a 14-year-old friend of JP's sister. Id. at 3-4.

Attorney Brian Butler was appointed to represent petitioner. On August 16, 2005, petitioner pled guilty to subjecting JP to Attempted Unlawful Sexual Penetration, and two counts of Sexual Abuse in the First Degree. Additionally, petitioner pled guilty to Attempted Rape in the Third Degree and Sexual Abuse in the Third Degree with respect to AT. Pursuant to the plea agreements, petitioner was to receive a total sentence of 99 months, and he would not be prosecuted in Clackamas County on separate charges pertaining to AT. Resp. Exh. 103. Petitioner was sentenced in accordance with the plea agreement to a 99-month term of imprisonment. Resp. Exh. 104 at 11.

2 -- FINDINGS AND RECOMMENDATION

In September, 2005, however, petitioner was indicted in Clackamas County on charges that he raped and sexually abused AT. Resp. Exh. 102 at 5-6. Petitioner was represented in the Clackamas County proceeding by Attorney Rhett Bernstein. On January 3, 2006, petitioner pled guilty to one count of Rape in the Third Degree, and was sentenced to 24 months, to run concurrently with his Washington County sentences. Resp. Exh. 111.

Petitioner did not file a direct appeal from any of the foregoing convictions. However, he did seek state post-conviction relief alleging the following claims for relief:

> 1. Petitioner's rights under Article I, Sections 11, 12, 15, 16, 20 and 33 of the Oregon Constitution; and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, were violated as follows:
>
> A.  The Clackamas County Court accepted petitioner's plea knowing that the parties had agreed that petitioner would not be prosecuted in Clackamas County;
>
> B.  The Washington County Court accepted petitioner's pleas knowing that they contained an agreement that petitioner would not be prosecuted in Clackamas County;
>
> C.  Petitioner was prosecuted in Clackamas County causing his Washington County plea agreement to be null and void; and
>
> D.  Petitioner's Washington County plea agreement specified that he would serve no more than 75 months, but he was sentenced to 87 months.

///

///

3 -- FINDINGS AND RECOMMENDATION

>    2. Petitioner was denied due process and a fair trial and sentencing under Article 1, Sections 11 and 33 of the Oregon Constitution, and the Fifth and Fourteenth Amendments to the U.S. Constitution; and was denied effective assistance of counsel under the state and federal constitution when Trial Counsel *Brian Butler*:
>
>    A.   Allowed Petitioner to sign a plea agreement involving a case that the Washington County Courts had no jurisdiction over; and
>
>    B.   Allowed the court to accept a plea without properly determining whether the plea was voluntary and intelligently made.

Resp. Exh. 107.

At the post-conviction hearing, petitioner's counsel did not press the claim that Attorney Brian Butler rendered ineffective assistance in the Washington County proceedings. Rather, post-conviction counsel argued that Butler "appears to have been doing everything right" by making a global settlement. Resp. Exh. 113 at 4. Post-conviction counsel explained that "what we really want to say" is that petitioner "didn't get the deal he was promised in either county." Id. at 5. Post-conviction counsel argued that the district attorneys were "the ones to blame for this" by making "a deal that evidently they didn't have authority to do". Id. at 8. Counsel sought to have petitioner's convictions vacated in Clackamas County *and Washington County*, even though he did not believe this relief to be in petitioner's best interests. See Id. at 5 & 7-9; see also Resp. Exh. 111 at 29-32 (wherein petitioner explains his understanding of double jeopardy).

4 -- FINDINGS AND RECOMMENDATION

The post-conviction court concluded that the county district attorneys were not to blame, but that the result in petitioner's cases was "just a big mistake." Id. at 10. The post-conviction court vacated petitioner's Clackamas County conviction in order to give petitioner the benefit of his bargain. Id. at 7 & 10.

*With the assistance of counsel*, petitioner filed an appeal assigning error to the post-conviction court's failure to vacate his Washington County convictions. Petitioner argued:

> Whether viewed as an argument that the post-conviction court erred as a matter of law by not ordering withdrawal of petitioner's guilty pleas after finding a violation of the plea agreement, or viewed as an argument that the failure to order withdrawal of petitioner's guilty pleas constitutes an abuse of discretion, this court must agree that the failure to order withdrawal of petitioner's guilty pleas is error.

Resp. Exh. 118 at 15.

The Oregon Court of Appeals affirmed without opinion. Patton v. Hall, 226 Or. App. 603, 205 P.3d 101 (2009). *In his counseled* petition for review to the Oregon Supreme Court, petitioner adopted the arguments raised in his appellate brief, concluding that he should be permitted to withdraw his guilty pleas in the Washington County cases. Resp. Exh. 120. The Oregon Supreme Court denied review. Patton v. Hall, 346 Or. 257, 210 P.3d 905 (2009).

In the instant proceeding, petitioner sets forth the following two grounds for relief:

///

5 -- FINDINGS AND RECOMMENDATION

>    1. Petitioner was denied effective assistance of counsel because the Washington County court accepted petitioner's plea of guilty which included an agreement (that was not enforced) that he would not be prosecuted in Clackamas County;
>
>    2. Petitioner was denied Due Process and Effective Assistance of Counsel when Attorney *Brian Butler* allowed petitioner to enter into a plea agreement which could not be enforced, failed to ascertain whether the plea was knowing and voluntary, and failed to object to the trial court's failure to ascertain the factual basis for the plea.

In his supporting memorandum, petitioner argues that *both* trial attorneys were ineffective, and that his right to due process was violated because the post-conviction court did not follow Oregon law. Pet.'s Amended Memo. at 2.

Respondent moves the court to deny habeas corpus relief on the basis that petitioner did not raise any federal claims on appeal from the decision of the state post-conviction court. Petitioner responds that he fairly presented his federal claims on appeal because he (1) included quotations from his formal petition for post-conviction relief, including its recitation of petitioner's federal claims, in the "Summary of Facts" and "Preservation of Error" sections of his appellate brief; (2) cited Hinton v. Hill, 342 Or. 222 (2006), a state case which "was based on a federal claim of ineffective assistance of counsel and a violation of due process"; and (3) raised an "identical" state law claim for inadequate assistance of counsel.

///

6 -- FINDINGS AND RECOMMENDATION

**DISCUSSION**

It is well settled that before seeking federal habeas corpus relief, a state prisoner must exhaust his available state remedies by fairly presenting his federal claims to the appropriate state courts.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003).  A prisoner "fairly presents" his federal constitutional claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claims are based.  Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).  This standard was explained by the Ninth Circuit in Galvan v. Alaska Dept. of Correc., as follows:

> Briefing a case is not like writing a poem, where the message may be conveyed entirely through allusions and connotations.  Poets may use ambiguity, but lawyers use clarity.  If a party wants a state court to decide whether she was deprived of a federal constitutional right, she has to say so.  It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition. * * * If she does not say so, then she does not "fairly present" the federal claim to the state court.  It may not take much, and . . . the inquiry is not mechanical, but requires examination of what the petitioner said and the context in which she said it.

397 F.3d 1198, 1204-05 (9th Cir. 2005)(footnotes omitted).

When a state prisoner fails to fairly present his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are

7 -- FINDINGS AND RECOMMENDATION

procedurally defaulted. Casey v. Moore, 386 F.3d 896, 920 (9th Cir. 2004); Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice.  Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007); Coleman, 501 U.S. at 750.

During the state post-conviction hearing, petitioner's counsel essentially abandoned petitioner's ineffective assistance of counsel claims, arguing instead that the violation of petitioner's rights was caused by the district attorneys failure to carry out the terms of the plea agreements.  After prevailing on this argument, petitioner's only complaint on appeal was that he did not obtain all of the relief he sought, i.e., an order vacating the Washington County judgments.

In other words, petitioner's appellate counsel did not resurrect petitioner's ineffective assistance and due process claims on appeal, but instead focused exclusively on whether Oregon law required the post-conviction court to permit petitioner to withdrawal his guilty pleas in the Washington County cases. Resp. Exh. 118 at 2.  Petitioner's "Summary of Argument" provided:

> Petitioner's guilty pleas in two Washington County cases were entered on the express agreement that there would be no prosecution in Clackamas County.  This agreement was violated, and the parties to the post-conviction proceeding, as well as the post-conviction

8 -- FINDINGS AND RECOMMENDATION

>court, agree that the agreement was violated. Petitioner is entitled to withdraw his guilty pleas in both Washington County cases, and have all convictions and sentences vacated.

Id. at 2-3.

Admittedly, under the headings "Summary of Facts" and "Preservation of Error," petitioner quoted the allegations of his formal petition for state post-conviction relief and thereby referenced his state and federal constitutional claims. However, the quotations from his post-conviction petition were in no way related to the substantive argument raised in his appellate brief. On the contrary, in the sections of his appellate brief containing his assignment of error and argument, petitioner cites only to state law and simply asserts that the post-conviction court erred in fashioning its remedy. Consequently, considering petitioner's state appellate brief as a whole, I conclude that petitioner did not alert the state appellate courts that he was raising federal constitutional claims.

For the same reason, I reject petitioner's assertion that by raising a state claim of inadequate assistance of counsel in his appellate brief, he thereby exhausted his federal claim of ineffective assistance of counsel. Although the Ninth Circuit has concluded that raising a state constitutional claim, *identical* to a federal constitutional claim, may suffice to fairly present a

9 -- FINDINGS AND RECOMMENDATION

federal claim,[1] in this case petitioner *did not fairly present a state claim of ineffective assistance of counsel*.  Rather, as outlined above, the only mention of a state claim for ineffective assistance of counsel was made in the "Summary of Facts" and "Preservation of Error" sections of the counseled brief, and was in no way related to the arguments raised on appeal.

Finally, I conclude that petitioner did not alert the state appellate courts that he was raising a federal due process or ineffective assistance of counsel claim by citing Hinton v. Hill, 342 Or. 222, 149 P.3d 1205 (2006).  Petitioner's citation to Hinton offered no hint that petitioner was raising a federal claim given the fact that it followed his statement that *while several state cases have dealt with the proper remedy following the grant of post-conviction relief, none have addressed whether the post-conviction court must vacate all guilty pleas and convictions resulting from the violation of a plea agreement.*  See Peterson, 319 F.3d at 1158-59 (rejecting claim that citation to state cases analyzing federal constitutional claim constituted fair

---

[1] See Sanders v. Ryder, 342 F.3d 991, 1000-01 (9th Cir. 2003) (concluding that petitioner fairly presented ineffective assistance claim given fact that Washington and federal standards for effective assistance of counsel are identical); but see Peterson, 319 F.3d at 1159-61 (concluding that *mere similarity* between state and federal standards is not enough for exhaustion purposes and that it "cannot say that the Oregon and federal standards for constitutionally guaranteed right to counsel are more than merely similar").

presentation given explicit qualification in language preceding citation limiting claim to state constitution); Galvan, 397 F.3d at 1202 ("citation to a state case that discusses federal precedents does not necessarily put the state supreme court on notice that petitioner is claiming a violation of a federal right"); see also Casey, 386 F.3d at 912 n.13 (mere citation to state case discussing both state and federal issues does not fairly present federal issue).

For all of these reasons, I conclude that petitioner failed to fairly present any federal constitutional claim to the state appellate courts. Because the time for doing so has passed, his federal claims are procedurally defaulted. Petitioner has not demonstrated cause and prejudice sufficient to excuse his procedural default, nor has he demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, habeas corpus relief is precluded, and petitioner's habeas corpus petition should be denied.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due September 6, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

11 -- FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due September 23, 2011.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 22nd day of August, 2011.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

12 -- FINDINGS AND RECOMMENDATION